UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| El Paso Parents; Sargon Bebla; Cassandra Bebla; Dana Garner; Andrea Hartley; Alofagia Oney; Denise Prieve; Michelle Rechtien; Jessica Lizette Rodriguez; William C. Roll, Jr.; Elichia Rountree; and Joseph Madrid; for themselves and minor children<br>   *Plaintiffs*<br><br>v.<br><br>El Paso Independent School District, Leah Hanany, Al Velarde, Josh Acevedo, Isabel Hernandez, Israel Irrobali, Freddy Khlael-Avalos, and Socorro Independent School District<br>   *Defendants* | §§§§§§§§§§§§§§§§§§§§§ | Civil Action No. EP-21-CV-298-KC |

**DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) AND 12(B)(6)**

Defendants El Paso Independent School District, Leah Hanany, Al Velarde, Josh Acevedo, Isabel Hernandez, Israel Irrobali, and Freddy Khlael-Avalos file this Motion to Dismiss Plaintiffs' causes of action pursuant to Rule 12(b)(1) and Rule 12(b)(6) and respectfully request that the Court dismiss the claims asserted by Plaintiffs in this lawsuit.

1

## BACKGROUND

El Paso Independent School District began the 2021–2022 school year on August 2, 2021.[1] On August 19, 2021, EPISD began requiring district students, employees, and visitors to wear a face covering when inside the school district's buildings and vehicles.[2]

Plaintiffs concede that wearing masks does not generally harm students and instead allege there are specific reasons that wearing a mask presents "dangers, harms, and damage" to their children.[3] Although Plaintiffs allege complaints about the face covering policy and its enforcement, Plaintiffs concede that EPISD made exceptions to the mask policy for various activities[4] and allowed students who did not want to comply with the policy to attend school via virtual learning.[5]

## RELEVANT STANDARD OF REVIEW

Under Rule 12(b)(1), a district court may dismiss a claim for lack of subject-matter jurisdiction based on the allegations in the complaint. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (en banc). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

---

[1] Plaintiffs' Amd. Complaint [Doc. 9] ¶ 9.
[2] Plaintiffs' Amd. Complaint [Doc. 9] ¶ 14.
[3] Plaintiffs' Amd. Complaint [Doc. 9] ¶ 66.
[4] Plaintiffs' Amd. Complaint [Doc. 9] ¶ 104.
[5] Plaintiffs' Amd. Complaint [Doc. 9] ¶ 127.

"They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Id.* They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 158, 161 (5th Cir. 2001) (per curiam). A court must dismiss the action if it determines that it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(h)(3); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). A court can find subject matter jurisdiction lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidence in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Smith v. Potter*, 400 Fed. Appx. 806, 809 (5th Cir. 2010).

Under Rule 12(b)(6), a district court should dismiss a claim when a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). To meet this "facial plausibility" standard, a plaintiff must plead "factual content that allows the court to draw the reasonable

3

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility does not require probability, but a plaintiff must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court must accept well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). The court, however, does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the Complaint are true (even if doubtful in fact)." *Id.* (cleaned up).

## ARGUMENT

### I. Plaintiff "El Paso Parents" should be dismissed from the lawsuit based on lack of capacity and standing.

As a preliminary matter, pursuant to Rules 12(b)(1) and 12(b)(6), Plaintiff "El Paso Parents" should be dismissed from this lawsuit because it is not a legal entity. A plaintiff must have the capacity to bring a lawsuit. *Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995) ("Civil suits may be maintained only by or against parties having actual or legal existence."); Fed. R. Civ. P. 17(b)(3)

4

(explaining that the capacity to sue or be sued is determined by the law of the state where the court is located).  Plaintiff "El Paso Parents" fails to allege that it is a legal entity that can sue or be sued.  In fact, it alleges the opposite, i.e., that it is not a legal entity but merely "an unincorporated association of parents residing in El Paso County, Texas."[6]  Accordingly, "El Paso Parents" should be dismissed from this lawsuit because it is not a legal entity that can sue or be sued and alleges no other basis on which it should be treated as a party to this lawsuit.

## II. Plaintiffs' federal law claims must be dismissed under Rule 12(b)(1) and 12(b)(6).

### A. Plaintiffs Fourteenth Amendment claims must be dismissed under Rule 12(b)(6) because Plaintiffs have not pleaded facts that support these claims.

Plaintiffs initially allege that the school district's mask policy violates Plaintiffs' rights to equal protection and procedural due process under the Fourteenth Amendment.[7]  Plaintiffs' Fourteenth Amendment claims lack merit because Plaintiff has not alleged facts to support either alleged Fourteenth Amendment violation.

#### 1. *Equal Protection*

Plaintiffs' Fourteenth Amendment claims are reviewed under the rational basis test,[8] and in applying that test, Plaintiffs concede that EPISD has a "legitimate

---

[6]   Plaintiffs' Amd. Complaint [Doc. 9] ¶ 1.

[7]   Plaintiffs' Amd. Complaint [Doc. 9] ¶¶ 81–109.

[8]   Plaintiffs' Amd. Complaint [Doc. 9] ¶¶ 86–87.

interest in mitigating the spread of COVID-19."[9] Plaintiffs also concede that "[r]easonable people may differ on how to balance the risk of COVID-19 transmission and potential damage to children."[10] Those concessions alone should result in a dismissal of Plaintiffs' equal protection claim. Nevertheless, Plaintiffs' equal protection claim lacks merit based for at least two other reasons.

First, although Plaintiffs complain that the face covering policy is a blanket policy with no exceptions,[11] Plaintiffs' own pleading establishes that EPISD's mask mandate is not a blanket mandate with no exceptions because Plaintiffs allege that EPISD has made exceptions to the policy for various activities.[12]

Second, Plaintiffs have not alleged facts that would constitute a violation of the Fourteenth Amendment because they do not allege anywhere in their complaint that their students were treated any differently than every other student in the school district.

A violation of the Fourteenth Amendment right to equal protection "occurs only when the government treats someone differently than others similarly situated." *Brennan v. Stewart*, 834 F.2d 1248, 1257 (5th Cir. 1988). Even in the absence of others who are similarly situated, the plaintiff must demonstrate a "difference in

---

[9]   Plaintiffs' Amd. Complaint [Doc. 9] ¶ 106.

[10]  Plaintiffs' Amd. Complaint [Doc. 9] ¶ 131.

[11]  Plaintiffs' Amd. Complaint [Doc. 9] ¶ 107.

[12]  Plaintiffs' Amd. Complaint [Doc. 9] ¶ 104.

treatment." *Bailey v. Mansfield Indep. Sch. Dist.*, 425 F. Supp. 3d 696, 717 (N.D. Tex. 2019) (quoting *Whiting v. Univ. of S. Miss.*, 451 F.3d 339, 348 (5th Cir. 2006)). There is no equal protection violation when the plaintiff has not been treated differently by the governmental entity.

Here, Plaintiffs do not allege that their children were treated any differently than every other student in the school district. Although Plaintiffs disagree with the school district's mask policy, their disagreement with the school district's policy does not give them equal protection claim under the Fourteenth Amendment.[13] Plaintiffs' equal protection clause must be dismissed under Rule 12(b)(6) because they offer no factual allegation that they are treated any differently than others in the school district. *See Brennan*, 834 F.2d at 1257.

---

[13] School district policies challenged by disgruntled plaintiffs who disagree with those policies have been routinely upheld by courts. *See, e.g.*, *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 262–76 (1988) (holding that the school districts may exercise editorial control over school newspapers without violating the first amendment); *Bethel Sch. Dist. No. 403 v. Fraser*, 478 U.S. 675, 678–87 (1986) (holding that the discipline of vulgar language at school does not violate the students' right to free speech or due process); *New Jersey v. T.L.O.*, 469 U.S. 325, 327–48 (1985) (holding that students are not entitled to the full fourth amendment search-and-seizure protections while at school); *Domico v. Rapides Parish Sch. Bd.*, 675 F.2d 100, 101–03 (5th Cir. 1982) (upholding the application of the student dress code to teachers, thus prohibiting the teachers from wearing beards); *Karr v. Schmidt,* 460 F.2d 609, 617–18 (5th Cir. 1972), *cert. den'd,* 409 U.S. 989 (1972) (holding that challenges to school district's hair-length regulations should be immediately dismissed for failing to state a cause of action for which relief can be granted under the United States Constitution); *Ferrell v. Dallas Ind. Sch. Dist.*, 392 F.2d 697 (5th Cir. 1968), *cert. den'd,* 393 U.S. 856 (1968) (finding that the school district's hair-length regulations did not violate the laws or the constitution of Texas, the fourteenth amendment of the United States Constitution, or the students' civil rights); *Passel v. Fort Worth Ind. Sch. Dist.*, 453 S.W.2d 888 (Tex. Civ. App.—Fort Worth 1970, writ ref'd n.r.e.), *cert. den'd,* 402 U.S. 968 (1971) (holding that the prohibition of public school students' memberships in fraternities, sororities, and secret societies do not violate the Texas or federal constitution).

### *2. Procedural Due Process*

Plaintiffs' procedural due process claim is based on the allegation that Plaintiffs "suffered a deprivation of education without due process of law" because the students were placed in "detention, isolation, in-school suspensions, and other such actions" and that "parents pursued grievances against the teachers and school administrators but were given no relief."[14] This claim is unsupported by the allegations in the complaint and should be dismissed under Rule 12(b)(6).

Plaintiffs' procedural due process claims lack merit based on the allegations because there is no factual allegation in the complaint that Plaintiffs did not receive notice and a hearing regarding any enforcement of the face covering policy. In fact, Plaintiffs own allegations establish that they were given due process because they acknowledge that they were provided with the opportunity to pursue grievances regarding the policy's enforcement.[15] Plaintiffs' allegations indicate that Plaintiffs had notice of the face covering rule and were provided opportunities for hearings regarding the enforcement of that rule. Plaintiffs allege they did not receive the results they wanted from those hearings, but an unfavorable result is not a due process violation.

---

[14]  Plaintiffs' Amd. Complaint [Doc. 9] ¶ 93.
[15]  Plaintiffs' Amd. Complaint [Doc. 9] ¶ 93.

Plaintiffs have not alleged any facts that support their contention that they were denied notice and the opportunity to be heard.  Accordingly, the Court should dismiss Plaintiffs' procedural due process claim under Rule 12(b)(6) because Plaintiffs have not alleged that they were not provided with notice and an opportunity to be heard.

### B. Plaintiffs' claims under the ADA and Section 504 must be dismissed under Rule 12(b)(1), or alternatively Rule 12(b)(6), because they have not exhausted administrative remedies.

Plaintiffs also assert violations of the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 based on allegations that Plaintiffs are parents of students with disabilities who have been deprived of education services.[16]  But Plaintiffs do not allege that they exhausted administrative remedies available under the Individuals with Disabilities Education Act (the "IDEA").  Thus, these claims must be dismissed.

A plaintiff asserting ADA and Section 504 claims alleging deprivation of education services must first exhaust the state administrative proceedings set forth in the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415(1), because the IDEA's exhaustion requirement also applies to claims under the Constitution, ADA, Rehabilitation Act, Title IX, and other federal laws protecting

---

[16]   Plaintiffs' Amd. Complaint [Doc. 9] ¶¶ 138–56.

children with disabilities to the extent those claims seek relief based on an alleged deprivation of education services.  20 U.S.C. § 1415(1); *Gardner v. Sch. Bd. of Caddo Parish*, 958 F.2d 108, 111 (5th Cir. 1992); *see also Doe v. Dallas Indep. Sch. Dist.*, 194 F. Supp. 3d 551, 559 (N.D. Tex. 2016) (explaining that "a plaintiff cannot avoid the exhaustion requirements of the IDEA by repackaging the claims under some other statute").  The IDEA provides relief when a plaintiff alleges deprivation of education services or seeks remedies that are educational in nature; therefore, when a plaintiff alleges deprivation of education services or seeks remedies that are educational in nature, the IDEA's exhaustion requirement applies.  *Doe*, 194 F. Supp. 3d at 560.

Assuming *arguendo* that Plaintiffs' students are qualified individuals with disabilities, as defined by the ADA, *see* 42 U.S.C. 12132, and also qualify as students with disabilities under Section 504, *see* 29 U.S.C. 705(9)(B), Plaintiffs' claims are barred because they failed to allege that they exhausted administrative remedies regarding their ADA and Section 504 complaints.[17]  Plaintiffs plainly allege a deprivation of education services.[18]  This means Plaintiffs were required to exhaust administrative remedies on their ADA and Section 504 claims, *Doe*, 194 F. Supp. 3d at 560, but they have failed to allege that they have done so.

---

[17]   Plaintiffs' Amd. Complaint [Doc. 9] ¶¶ 138–56.

[18]   *See* Plaintiffs' Amd. Complaint [Doc. 9] ¶¶ 146, 155.

Because Plaintiffs do not allege that they exhausted these available administrative remedies, Plaintiffs' ADA and Section 504 claims must be dismissed under Rule 12(b)(1) or alternatively, under Rule 12(b)(6).

## III. Plaintiffs' state law claims must be dismissed under Rule 12(b)(1) and 12(b)(6).

### A. Plaintiffs' state law claims are barred by governmental immunity because Plaintiffs did not exhaust their available remedies with the Texas Commissioner of Education.

Plaintiffs allege several state law claims,[19] but these claims are barred because Plaintiffs have not exhausted their available administrative remedies by raising their complaints with the Texas Commissioner of Education.

For well over a century, Texas law has required plaintiffs with complaints about the "management of the school system" or the administration of school laws" to exhaust their administrative remedies before the Commissioner of Education before courts can exercise jurisdiction. *Clint Ind. Sch. Dist. v. Marquez*, 487 S.W.3d 538, 545–46 (Tex. 2016); *see, e.g.*, *Warren v. Sanger Indep. Sch. Dist.*, 288 S.W. 159, 160 (Tex. 1926) ("It has been uniformly held that the resort to the school authorities must first be made before the courts will be authorized to hear any complaint as to a matter properly belonging to the administration of the school laws. It is a condition precedent to the exercise of the jurisdiction of the civil courts."); *Nance v. Johnson*,

---

19   Plaintiffs' Amd. Complaint [Doc. 9] ¶¶ 110–37.

11

19 S.W. 559, 559 (Tex. 1892) (holding that "the authority of the courts to interfere with the management of the school system, at the instance of citizens or school officials, does not ordinarily exist" and that until plaintiffs exhaust their administrative remedies, they were not entitled to an injunction). "This requirement is consistent with long standing public policy favoring keeping school controversies, as far as possible, out of the courts." *El Paso Indep. Sch. Dist. v. McIntyre*, 457 S.W.3d 475, 485 (Tex. App.—El Paso 2014, pet. granted).

This exhaustion requirement applies to any complaints the Legislature has authorized the Commissioner of Education to resolve. *Marquez*, 487 S.W.3d at 546. The Legislature has authorized the Commissioner to resolve any complaints that they are aggrieved by the school laws of the state or by any action or decision of any school district board of trustees that violates the school laws of the state. Tex. Educ. Code § 7.057(a). In addressing allegations that a school district has violated the Texas Constitution; the Texas Supreme Court has held that "artful pleadings cannot circumvent statutory jurisdictional prerequisites" requiring exhaustion of administrative remedies. *Marquez*, 487 S.W.3d at 547. Notably, in *Marquez*, the Texas Supreme Court held that alleged violations of Article VII, section 1, and Article I, section 3, of the Texas Constitution were, in reality, allegations regarding the school laws of the state that must be exhausted in administrative proceedings

before the Commissioner before courts have jurisdiction to consider the complaints. *Id.* at 547–53.

Plaintiffs do not allege that they have attempted to exhaust administrative remedies regarding their various state law claims. Accordingly, Plaintiffs' state law claims should be dismissed under Rule 12(b)(1) or, in the alternative, Rule 12(b)(6).

### B. In the alternative, Plaintiffs' remaining state law claims should be dismissed under Rule 12(b)(6).

#### *1. Plaintiffs' claim under the Texas Constitution must also be dismissed for additional reasons.*

If the Court does not dismiss Plaintiffs' claims based on the Texas Constitution for the reasons described above, those claims must be dismissed because Plaintiffs' claim that virtual learning (which is expressly allowed by the Texas Legislature) violates this constitutional provision[20] is untenable as a matter of law and is unsupported by the factual allegations in their complaint.

First, Plaintiffs' claim based on Article VII, section 1, must be dismissed because EPISD does not have a duty to generally implement Article VII, section 1 — EPISD is only required to implement statutes the Legislature has enacted pursuant to this constitutional provision. *See* Tex. Const. art. VII, § 1; *Marquez*, 487 S.W.3d at 545.

Article VII, section 1, requires *the Texas Legislature* to "establish and make suitable provision for the support and maintenance of an efficient system of public

---

20      Plaintiffs' Amd. Complaint, ¶¶ 114–15.

free schools." Tex. Const. art. VII, § 1; *Marquez*, 487 S.W.3d at 545. It places no duty on school districts. *See* Tex. Const. art. VII, § 1; *Marquez*, 487 S.W.3d at 545. School districts have the primarily responsibility for implementing the state's system of public education because the Legislature has — by statute — delegated authority to local school districts throughout the state. *Marquez*, 487 S.W.3d at 545 (citing Tex. Educ. Code § 11.002). However, school districts only have a duty to implement Article VII, section 1, to the extent the Legislature has delegated that responsibility to school districts by statute.

Plaintiffs do not allege that EPISD has violated any statute in which the Legislature delegated authority to school districts to implement the state's public education system.[21]

Second, all of Plaintiffs' claims based on the Texas Constitution must be dismissed because they all arise from Plaintiffs' various assertions that virtual learning does not provide a quality education,[22] but those assertions have been rejected by the Texas Legislature. The Texas Legislature has determined that quality public education can be provided via virtual learning. *See, e.g.*, Tex. Educ. Code §§ 21.044(c-2) (providing for teacher certification for "virtual learning"); 29.9091 (creating a virtual learning option for school districts). Plaintiffs' contention that

---

[21] *See* Plaintiffs' Amd. Complaint [Doc. 9] ¶¶ 110–117.

[22] Plaintiffs' Amd. Complaint [Doc. 9] ¶¶ 112, 114, 125, 127, 130.

virtual learning violates their rights under the Texas Constitution is at odds with the public policy decision made by the Texas Legislature.  *See, e.g.*, Tex. Educ. Code §§ 21.044(c-2) (providing for teacher certification for "virtual learning"); 29.9091 (creating a virtual learning option for school districts).  Plaintiffs cannot use this lawsuit against EPISD as a vessel to second-guess the Legislature's decision.  Thus, for these additional reasons, Plaintiffs' Article VII, section 1, claim must be dismissed along with Plaintiffs' claims based on Article I, section 3 and 19.

Additionally, if the above-discussed reasons were not enough, Plaintiffs' claims based on Article I, sections 3 and 19, of the Texas Constitution must also be dismissed for the same reasons their equal protection and due process claims under the Fourteenth Amendment must be dismissed.  Plaintiffs allegations demonstrate that they disagree with the face covering rule, but they do not support any alleged violation of equal protection or due process.

### 2. *Plaintiffs' claim under the Texas Uniform Declaratory Judgment Act is barred by governmental immunity.*

Plaintiffs assert a claim based on the Texas Uniform Declaratory Judgment Act ("UDJA").[23]  This claim must also be dismissed under Rule 12(b)(1) and Rule 12(b)(6) because the claim is barred by governmental immunity and is not allowed by the plain language of the statute.

---

[23]   Plaintiffs' Amd. Complaint [Doc. 10] ¶¶ 151–62.

Private citizens generally lack standing to bring lawsuits challenging the lawfulness of governmental acts. *Andrade v. NAACP of Austin*, 345 S.W.3d 1, 7 (Tex. 2011). After all, "governments cannot operate if every citizen who concludes that a public official has abused his discretion is granted the right to come into court and bring such official's public acts under judicial review." *Williams v. Lara*, 52 S.W.3d 171, 180 (Tex. 2001). Standing to sue may be predicated on either statutory or common law. *Bickham v. Dallas County*, 612 S.W.3d 663, 669 (Tex. App.—Dallas 2020, pet. filed). The legislature may grant private standing to bring actions challenging the lawfulness of government acts, but it must do so clearly. *See Brown v. De La Cruz*, 156 S.W.3d 560, 567 (Tex. 2004). The fact that a statute has been violated and some person has been harmed does not automatically give rise to a private cause of action in favor of that person. *Bickham*, 612 S.W.3d at 670 (citing *Cannon v. Univ. of Chicago*, 441 U.S. 677, 687 (1979)).

Private citizens also lack standing to enforce laws by filing lawsuits. *Schmitz v. Denton Cnty. Cowboy Church*, 550 S.W.3d 342, 359–60 (Tex. App.—Fort Worth 2018, pet. denied) (affirming trial court's order granting a plea to the jurisdiction because plaintiffs had no standing to enforce zoning laws against a church by filing declaratory claims and seeking injunctive relief). In *Schmitz*, this Court affirmed the trial court's dismissal of UDJA claims against the Denton County Cowboy Church because the UDJA claims merely challenged whether the Church's actions violated

the Town's zoning ordinances.  *Schmitz*, 550 S.W.3d at 359–60.  The Court held that the plaintiffs had no standing to pursue these claims because the town had the authority and discretion to decide whether or not to enforce its own zoning ordinances.  *See id.*  Allowing private citizens to bring private-enforcement actions would interfere with this authority and discretion.  *See id.*

Texas law prevents such private enforcement actions by providing that governmental immunity "bars UDJA actions against the state and its political subdivisions absent legislative waiver."  *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 620 (Tex. 2011) (per curiam); *Texas Parks & Wildlife Dep't v. Sawyer Trust*, 354 S.W.3d 384, 388-89 (Tex. 2011).

Plaintiffs cite no legislative waiver of immunity for their declaratory judgment claim.  Accordingly, this claim must be dismissed under Rule 12(b)(1) because it is barred by governmental immunity.

### IV. To the extent any of Plaintiffs' claims remain, Plaintiffs have not stated any claim against EPISD's board members.

To the extent any of Plaintiffs' claims are asserted against the individual defendants, who are board members sued in their official capacities, Plaintiffs have failed to state any claim that is not duplicative of the claims asserted against EPISD and state no independent claim for relief against the board members in their official capacities.  Accordingly, any claims that remain are duplicative and should be

17

dismissed.  *See, e.g.*, *Castro Romero v. Becken*, 256 F.3d 349, 355 (5th Cir. 2001); *Bennett v. Pippin*, 74 F.3d 578, 584–85 (5th Cir. 1996).

## PRAYER

Accordingly, Defendants respectfully request that Plaintiffs' claims be dismissed under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Date:  February 7, 2022

    Respectfully submitted,

*/s/ David Campbell*
David Campbell, Attorney-in-Charge
Texas Bar No. 24057033
*dcampbell@808west.com*
O'HANLON, DEMERATH & CASTILLO
808 West Avenue
Austin, Texas 78701
Tel: (512) 494-9949
Fax: (512) 494-9919
**Counsel for Defendants El Paso Independent School District, Leah Hanany, Al Velarde, Josh Acevedo, Isabel Hernandez, Israel Irrobali, and Freddy Khlael-Avalos**

## CERTIFICATE OF SERVICE

I certify that on February 7, 2022, the following counsel of record was served with the foregoing document via the Court's electronic case filing system:

Warren V. Norred
Texas Bar No. 24045094
*norred@norredlaw.com*
NORRED LAW, PLLC
515 East Border Street
Arlington, Texas 76010
Tel: (817) 500-9433
Fax: (817) 524-6686
**Counsel for Plaintiffs**

                                                  */s/ David Campbell*
                                                  David Campbell